UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MCCULLY,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | Case No.: 3:25-cv-00478-JES-KSC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL; and**<br><br>**(2) GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**<br><br>**[ECF Nos. 2, 7]** |

  Presently before the Court is Plaintiff Rose McCully's ("Plaintiff") motion to appoint counsel (ECF No. 2) and motion for leave to electronically file documents (ECF No. 7). After due consideration and for the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** the motion to appoint counsel and **GRANTS** the motion for leave to electronically file documents.

  On February 28, 2025, Plaintiff filed a complaint against Defendant alleging various violations under the Federal Torts Claim Act. *See generally* ECF No. 1. The same day,

Plaintiff filed a motion to appoint counsel. ECF No. 2. On April 14, 2025, Plaintiff filed a motion for leave to electronically file documents. ECF No. 7.

## I.  MOTION TO APPOINT COUNSEL

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). While 28 U.S.C. § 1915(e)(1) gives district courts discretion to "request" that an attorney represent indigent civil litigants, it may only be exercised upon a showing of "exceptional circumstances." *Agyeman v. Carr Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Courts must review both factors before deciding whether to appoint counsel, and neither factor is individually dispositive. *Id*. Plaintiff bears the burden of showing that exceptional circumstances exist. *See Palmer*, 560 F.3d at 970.

Plaintiff has stated that she has made efforts to obtain legal counsel but has been unsuccessful in those efforts and lists three different law firms she contacted to obtain legal representation. ECF No. 2 at 2-4. She then states that she needs appointed counsel because "[she] lack[s] the financial means to retain counsel. The legal and factual issues are complex. I have limited access to legal resources. Appointment of counsel serves the interest of justice. Without legal representation I would be severely disadvantaged against experienced defense counsel." *Id*. at 4.

It is too early for the Court to determine Plaintiff's likelihood of success on the merits, as such, she fails to establish the requisite "exceptional circumstances" that would warrant appointment of counsel. "[T]ime has yet to tell whether she is likely to succeed on the merits of any claim." *Ecasali v. McMillin*, No. 24-cv-02489-BAS-JLB, 2025 WL

674616, at *3 (S.D. Cal. Mar. 3, 2025). Plaintiff's lack of legal training and lack of financial means do not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding pro se. *See Taa v. Chase Home Fin., LLC*, No. 5:11-CV-00554 EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012).

The information before the Court suggests that the complexity of this case does not exceed Plaintiff's abilities. Thus far, Plaintiff has been able to articulate her claims, file motions with the court and navigate civil procedure without legal assistance. Thus, Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex. Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to appoint counsel.

## II.     MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office … must be in legible, paper form." *See* Elec. Case Filing Admin. Policies and Proc. Manual, § 2(b) (S.D. Cal. Jan. 22, 2025) ("ECF Manual"). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id*. The ECF Manual refers to the Court's official website for CM/ECF technical specifications, *id*., § 1(i), which include a "[c]omputer running Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version"; a "[s]canner to image noncomputerized documents 400 pixels per inch (ppi)"; and a PACER account. *See* U.S. District Court, S.D. Cal., CM/ECF: General Info, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited May 11, 2025).

In the motion for leave to electronically file documents, Plaintiff affirms she has reviewed the ECF Manual, agrees to follow all rules and policies in the ECF Manual, and has access to the technology needed for electronic filing.

Accordingly, Plaintiff's motion for leave to electronically file documents (ECF No. 7), is **GRANTED**. Plaintiff is cautioned that electronic filing is a privilege and that any abuse of the CM/ECF system may result in termination of her electronic filing privileges.

### III.    CONCLUSION

For the reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** the motion to appoint counsel (ECF No. 2) and **GRANTS** Plaintiff's motion for leave to electronically file documents (ECF No. 7).

**IT IS SO ORDERED.**

Dated:  May 19, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge